1 **ROSELINE D. FERAL**
Attorney at Law
2 State Bar No.128788
444 West "C" Street, Suite 310
3 San Diego, California 92101
Telephone:   (619) 232-1010
4 Facsimile:   (619) 231-2505

Attorney for Defendant
5 **JOSE JUAN FERNANDEZ-FERNANDEZ**

6

7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10                    **(HONORABLE JANIS L. SAMMARTINO)**

11 UNITED STATES OF AMERICA,           ) Case No. 07CR3404JLS
                                        )
12         Plaintiff,                   )
                                        ) DATE: January 23, 2008
13                                      ) TIME: 1:30 p.m.
                                        )
14 v.                                   )
                                        ) NOTICE OF MOTION AND MOTION TO
15                                      ) SUPPRESS STATEMENTS.
                                        )
16 JOSE JUAN FERNANDEZ-FERNANDEZ,       )
                                        )
17         Defendant.                   )
   _____)
18

19 TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
          REBEKAH W. YOUNG, ASSISTANT UNITED STATES ATTORNEY:
20

21
          PLEASE TAKE NOTICE that on January 23, 2008, at 1:30 p.m., or as soon thereafter as counsel
22
   may be heard, defendant, JOSE JUAN FERNANDEZ-FERNANDEZ, by and through his attorney,
23
   ROSELINE D. FERAL, will ask this Court to enter an order granting the following motion.
24
25 / / /

26 / / /

27 / / /

28

# MOTIONS

Defendant, JOSE JUAN FERNANDEZ-FERNANDEZ, by and through his attorney, ROSELINE D. FERAL, asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

(1) Suppress Statements.

This motion is based upon the instant motion and notice of motion, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of the motion.

Respectfully submitted,

/s/

Dated: January 18, 2008          **ROSELINE D. FERAL**

Attorney for Defendant
JOSE JUAN FERNANDEZ-FERNANDEZ

**ROSELINE D. FERAL**
Attorney at Law
State Bar No.128788
444 West "C" Street, Suite 310
San Diego, California 92101
Telephone:  (619) 232-1010
Facsimile:   (619) 231-2505

Attorney for Defendant
**JOSE JUAN FERNANDEZ-FERNANDEZ**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07CR3404JLS |
| Plaintiff, | DATE: January 23, 2008<br>TIME: 1:30 p.m. |
| v. | STATEMENT OF FACTS AND<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF MOTION |
| JOSE JUAN FERNANDEZ-FERNANDEZ, | |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is taken from the probable cause statement written by Senior Patrol Agent James Trombley, on December 10, 2007. Jose Juan Fernandez-Fernandez (hereinafter "FERNANDEZ-FERNANDEZ") in no way adopts this statement, and reserves his right to make any and all appropriate objections the stated facts.

On December 7, 2007, around 6:00 p.m., Border Patrol Agent J. Weiss (hereinafter, "WEISS") observed thirteen illegal aliens in the area known as "Airport Mesa." This area is frequently utilized by illegal alien foot-guides and marks the United States-Mexico International Boundary. Agents B. Beaton (hereinafter, "BEATON") and Jose Ortiz (hereinafter, "ORTIZ") responded to the area at WEISS' request. Around 6:24 p.m., WEISS relayed information that the some of the group was getting into a

1

vehicle and heading northbound. Four stayed behind, including FERNANDEZ-FERNANDEZ. WEISS notified Agent M. Zakraysek (hereinafter, "ZAKRAYSEK") that the four were hiding in the bushes. As agents approached, FERNANDEZ-FERNANDEZ began running southward. ZAKRAYSEK apprehended FERNANDEZ-FERNANDEZ and took him into custody along with the three who were hiding.

Around 6:26 p.m., ORTIZ noticed a Silver Chrevrolet Tahoe SUV driving northbound past Carrizo Gorge. The vehicle then headed westbound on Interstate 8. Agent M Hansen (hereinafter, "HANSEN") used a "CTDD" device to deflate the silver Tahoe's tires. In doing so, HANSEN's finger was injured. Shortly thereafter, Agent Aoude (hereinafter, "AOUDE") saw the same vehicle. The driver appeared to be having difficulty keeping control due to the deflated tires, at one point crossing the median into oncoming traffic. The silver Tahoe came to a stop in the number two lane of Interstate 8, and four of the occupants fled. AOUDE and several other agents arrived at the scene, including Agents Clay Liedecke (hereinafter, "LIEDECKE") and C. Allen (hereinafter, "ALLEN"). LIEDECKE found three black trash bags that smelled of marijuana and a Kenwood two-way radio inside the vehicle. ALLEN provided a description of the occupants over his radio.

About 30 minutes later, Agent J. Fistola (hereinafter, "FISTOLA") found FERNANDEZ-FERNANDEZ's Co-Defendant, Jesse Benavides, Jr. (hereinafter, "BENAVIDES") hiding in the bushes north of Interstate 8. Agent J. Petras (hereinafter, "PETRAS") arrived to assist FISTOLA in arresting BENAVIDES. At the station, AOUDE identified BENAVIDES as one of the persons he saw running away from the silver Tahoe. All persons who were apprehended in the course of the investigation, including Esther Gonzalez-Diaz (hereinafter, "GONZALEZ-DIAZ"), Omar Abraham Rojas-Rojas (hereinafter, "ROJAS-ROJAS"), Gabriel Hernandez-Cortez (hereinafter, "HERNANDEZ-CORTEZ"), and Victorino Diaz-Reyes (hereinafter, "DIAZ-REYES"), admitted to being Mexican citizens. GONZALEZ-DIAZ, ROJAS-ROJAS, HERNANDEZ-CORTEZ, and DIAZ-REYES stated they did not have immigration documents and had arranged to be smuggled into the United States. Each then identified FERNANDEZ-FERNANDEZ as one of the foot-guides who had helped them.

///
///
///
///
///

## II.

## THIS COURT SHOULD SUPPRESS ANY STATEMENTS MADE BY MR. FERNANDEZ-FERNANDEZ

A.   **The Government Must Demonstrate Compliance With *Miranda*.**

**1.  *Miranda* Warnings Must Precede Custodial Interrogation.**

The prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 444 (1966).[1] Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Id. See Orozco v. Texas, 394 U.S. 324, 327 (1969).

Once a person is in custody, Miranda warnings must be given prior to any interrogation. See United States v. Estrada-Lucas, 651 F.2d 1261, 1265 (9th Cir. 1980). Those warnings must advise the defendant of each of his or her "critical" rights. United States v. Bland, 908 F.2d 471, 474 (9th Cir. 1990). If a defendant indicates that he wishes to remain silent or requests counsel, the interrogation must cease. Miranda, 384 U.S. at 474. See also Edwards v. Arizona, 451 U.S. 484 (1981).

**2.   The Government Must Demonstrate That Any Alleged Waiver of Mr. Fernandez-Fernandez's Rights Was Voluntary, Knowing, and Intelligent.**

When interrogation occurs without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant intelligently and voluntarily waived his privilege against self-incrimination and his right to retained or appointed counsel. Miranda, 384 U.S. at 475. It is undisputed that, to be effective, a waiver of the right to remain silent and the right to counsel must be made knowingly, intelligently, and voluntarily. Schneckloth v. Bustamonte, 412 U.S. 218 (1973). The standard of proof for a waiver of these constitutional rights is high. Miranda, 384 U.S. at 475. See United States v. Heldt, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great, the court must indulge every reasonable presumption against waiver of fundamental constitutional rights).

The validity of the waiver depends upon the particular facts and circumstances surrounding the

---

[3] In Dickerson v. United States, 530 U.S. 428, 120 S. Ct. 2326 (2000), the Supreme Court held that Miranda rights are no longer merely prophylactic, but are of constitutional dimension. Id. at 2336 ("we conclude that Miranda announced a constitutional rule").

3

case, including the background, experience, and conduct of the accused. Edwards v. Arizona, 451 U.S. 477, 472 (1981); Johnson v. Zerbst, 304 U.S. 458, 464 (1983). See also United States v. Heldt, 745 F.2d at 1277; United States v. McCrary, 643 F.2d 323, 328-29 (9th Cir. 1981).

In Derrick v. Peterson, 924 F.2d 813 (9th Cir. 1990), the Ninth Circuit confirmed that the issue of the validity of a Miranda waiver requires a two prong analysis: the waiver must be both (1) voluntary, and (2) knowing and intelligent. Id. at 820. The voluntariness prong of this analysis "is equivalent to the voluntariness inquiry under the [Fifth] Amendment . . . ." Id. See infra pages 10-11.

The second prong, however, requiring that the waiver be "knowing and intelligent," mandates an inquiry into whether "the waiver [was] made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Id. at 820-21 (quoting Colorado v. Spring, 479 U.S. 564, 573 (1987)). This inquiry requires that the court determine whether "the requisite level of comprehension" existed before the purported waiver may be upheld. Id. Thus, "[o]nly if the `totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived." Id. (quoting Colorado v. Spring, 479 U.S. at 573) (emphasis in original) (citations omitted)).

Under prevailing Ninth Circuit law, the Government bears the burden of demonstrating a Miranda waiver by clear and convincing evidence. See Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000) (en banc) (constitutional rights may ordinarily be waived only if it can be established by clear and convincing evidence that the waiver is voluntary, knowing, and intelligent) (citations omitted). Moreover, this Court must "indulge every reasonable presumption against waiver of fundamental constitutional rights." Id. (citations omitted). Unless and until the prosecution meets its burden of demonstrating through evidence that adequate Miranda warnings were given and that the defendant knowingly and intelligently waived his rights, no evidence obtained as result of the interrogation can be used against the defendant. Miranda, 384 U.S. at 479.

Until the government meets its evidentiary burden of showing that the Miranda warnings were sufficient or that the Miranda rights were knowingly or intelligently waived, Mr. Fernandez-Fernandez's statements must be suppressed.

**3.    Local Rules Requiring Declaration Are Unconstitutional.**

"Congress may not legislatively supercede [the Supreme Court's] decisions interpreting and applying the Constitution." Dickerson v. United States, 530 U.S. 428, 437 (2000). Since Miranda rests on a constitutional foundation, id. at 438, no law or local court rule can constitutionally relieve the

4

government of its burden to prove Mr. Fernandez-Fernandez voluntarily waived the Miranda protections. See id. In light of the Supreme Court's decision in Dickerson, any local rule that requires a defendant to submit a declaration in support of his or her motion is unconstitutional and therefore unenforceable.

If the court does require a declaration, Mr. Fernandez-Fernandez, while not adopting the declaration or the facts therein, refers the court to the declaration of the Senior Border Patrol Agent supporting the criminal complaint in this case.

**B.     Any Statements by Mr. Fernandez-Fernandez Were Involuntary.**

Even when the procedural safeguards of Miranda have been satisfied, a defendant in a criminal case is deprived of due process of law if the conviction is founded upon an involuntary confession. Arizona v. Fulminante, 499 U.S. 279 (1991); Jackson v. Denno, 378 U.S. 368, 387 (1964). The government bears the burden of proving by a preponderance of the evidence that a confession is voluntary. Lego v. Twomey, 404 U.S. 477, 483 (1972).

In order to be voluntary, a statement must be the product of a rational intellect and free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne in a particular case, the totality of the circumstances must be considered. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). Some factors taken into account have included the youth of the accused, his lack of education, his low intelligence, the lack of any advice to the accused of his constitutional rights, the length of the detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep. Id.

A confession is deemed involuntary whether coerced by physical intimidation or psychological pressure. Townsend v. Sain, 372 U.S. 293, 307 (1962). "The test is whether the confession was `extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.'" Hutto v. Ross, 429 U.S. 28, 30 (1976) (quoting Bram v. United States, 168 U.S. 532, 542-43 (1897)). Accord, United States v. Tingle, 658 F.2d 1332, 1335 (9th Cir. 1981).

Until the government meets its burden of showing all statements of the defendant that it intends to use at trial were voluntary, all statements -- even those taken before he was in "custody" -- must be suppressed as involuntary.

/ / /

/ / /

**C.    Mr. Fernandez-Fernandez Requests That This Court Conduct An Evidentiary Hearing.**

This Court must make a factual determination as to whether a statement was voluntarily given prior to its admission into evidence. 18 U.S.C. § 3501(a). Where a factual determination is required, courts are obligated by Fed. R. Crim. P. 12 to make factual findings. See United States v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990). Because "'suppression hearings are often as important as the trial itself,'" id. at 609-10 (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)), these findings should be supported by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's responsive pleading.

Under section 3501(b), this Court must consider various enumerated factors in making the voluntariness determination, including whether the defendant understood the nature of the charges against him and whether he understood his rights. Without the presentation of evidence, this Court cannot adequately consider these statutorily mandated factors. Mr. Fernandez-Fernandez accordingly requests that this Court conduct an evidentiary hearing pursuant to 18 U.S.C. § 3501(a), to determine, outside the presence of the jury, whether any and all statements made by him were voluntary.

# V.
# CONCLUSION

For the foregoing reasons, Mr. Fernandez-Fernandez respectfully requests that this Court grant his motion.

Respectfully submitted,

/s/

Dated: January 18, 2008            **ROSELINE D. FERAL**

Attorney for Defendant
JOSE JUAN FERNANDEZ-FERNANDEZ